IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRI-CORNER INVESTMENTS, LLC,   :

    Plaintiff,   :

                                      Case No. 3:07cv383

vs.   :

                       JUDGE WALTER HERBERT RICE

FIRST DEFENSE INTERNATIONAL   :
GROUP, LLC, et al.,   :

    Defendants.   :

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANTS
FIRST DEFENSE INTERNATIONAL GROUP, LLC AND CHRIS BADSEY
TO EXTEND TIME IN WHICH TO FILE A NOTICE OF APPEAL
(DOC. #30)

       Defendants First Defense International Group, LLC ("FDIG") and Chris Badsey ("Badsey") have filed a motion requesting that the Court extend the time in which they have to file a notice of appeal.[1]  See Doc. #30.  For reasons discussed below, this Court concludes that, in accordance with Rule 4(a)(5) of the Federal Rules of Appellate Procedure, it is authorized to extend the period in which to file a notice of appeal up to 10 days, if the Defendants have shown, as they have argued, that their failure to file a timely notice of appeal was a result of excusable

---

[1] The other two individual Defendants, Jack Mallory and Steve Hodges, have not been heard from.  For sake of convenience, the Court uses "Defendants" herein to refer to FDIG and Badsey, alone.

neglect. However, for reasons which follow, this Court concludes that the Defendants have failed to make such a showing.

Extending the period of time in which a party has to file a notice of appeal is governed by Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which provides:

> (a) Appeal in a Civil Case.
> \*          \*          \*
> (5) Motion for Extension of Time.
> (A) The district court may extend the time to file a notice of appeal if:
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Herein, judgment was entered on February 4, 2008. See Doc. #13. In accordance with Rule 4(a)(1)(A), Defendants had 30 days in which to file their notice of appeal. Excluding the first day of that 30-day period and including the last (see Fed. R. App. P. 26(a)), the Defendants' notice of appeal was due on Wednesday, March 5, 2008. Computing the time in the same manner, the last day of the 30-day period set forth in Rule 4(a)(5)(A)(i) was Friday, April 4, 2008, the day upon which the Defendants filed the instant motion. Accordingly, the Defendants

have moved in timely fashion.  The question is whether they have established excusable neglect or good cause, as required by Rule 4(a)(5)(A)(ii).

Defendants rely solely on the excusable neglect prong of Rule 4(a)(5)(A)(ii). In Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court held that, when deciding whether neglect of a deadline was excusable, a court should consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

The Defendants argue that they have shown excusable neglect for the reasons that they have requested that the Court vacate the default judgment, i.e., mail addressed to all Defendants was delivered to a lock box, to which only certain officers had access and, thus, only those officers could open the mail.  Defendants state that those officers were out of the country or on sick leave for an extended period of time from before the Plaintiff's Complaint had been served, through the entry of the default judgment.[2]  The Plaintiff, in contrast, argues that the Defendants have failed to demonstrate excusable neglect.  See Doc. #33.

The parties' arguments concerning excusable neglect focus upon events which occurred before this entered a default judgment against the Defendants on February 4, 2008.  See Doc. #13.  They do not mention the fact that Defendants moved for relief from that judgment two weeks later, on February 18, 2008 (see

---

[2]According to the Defendants, the Summons and Complaint were signed for by an employee of the company that rented the lock box to them, rather than by one of their employees.

Doc. #14), a date well within the 30-day period in which the Defendants had to file a notice of appeal, in accordance Fed R. App. P. 4(a)(1)(A). Indeed, according to Badsey's Affidavit, his attorney learned of the entry of the default judgment on February 12, 2008. See Doc. #16 at ¶ 8. At that point, Defendants had more than 20 days in which to file their notice of appeal. The Defendants have not, however, explained why that period of time was not sufficient for them to draft and to file a timely notice of appeal. Given that filing a timely notice of appeal was within the Defendants' control and knowledge, this Court is unable to find that their failure in that regard constituted excusable neglect.[3]

Accordingly, the Court overrules Defendants' Motion to Extend Time in which To File Notice of Appeal (Doc. #30).

June 17, 2008

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[3]Since this Court has concluded that Defendants failed to demonstrate the existence of excusable neglect, after they learned that a default judgment had been entered against them, it is not necessary to address the parties' arguments concerning the question of events occurring before that date.

- 4 -